IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-10122
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VINCENT ROCHEL LEWIS,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:94-CV-184
- - - - - - - - - -
August 4, 1998

Before JONES, SMITH, and STEWART, Circuit Judges.

PER CURIAM:*

Federal prisoner Vincent Rochel Lewis, no. 60694-079, appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence.

Lewis contends that he received ineffective assistance of counsel when his attorney failed to file an appeal of his sentence. Lewis also contends that he received ineffective assistance of counsel when his attorney failed to object to the district court's use of incriminating information in violation of

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

U.S.S.G. § 1B1.8 to calculate Lewis' sentence.  The magistrate judge found credible counsel's testimony at an evidentiary hearing that Lewis never requested an appeal.  See United States v. Nixon, 881 F.2d 1305, 1310 (5th Cir. 1989).  Also, because the Government never made any agreement such that § 1B1.8 would apply to Lewis' case, any objection on that ground would have been meritless.  See Clark v. Collins, 19 F.3d 959, 966 (5th Cir. 1994).  Lewis cannot demonstrate that his attorney rendered deficient performance.  See Strickland v. Washington, 466 U.S. 668, 687 (1984).

To the extent that Lewis raises an independent issue that the district court erred by using information prohibited by § 1B1.8 to calculate his sentence, it is not a constitutional issue cognizable under § 2255.  See United States v. Segler, 37 F.3d 1131, 1134 (5th Cir. 1994).  Even if the issue was cognizable, it is without merit.

Lewis does not argue on appeal his issues:  1) that he received ineffective assistance of counsel during plea bargaining: 2) that the trial court committed errors by failing to inform him of the nature of the charges and the core concerns of pleading guilty: 3) that the trial court erred by not advising Lewis of the contents of the plea agreement; and 4) that the sentencing court violated several other sentencing guidelines when sentencing him.  Because Lewis failed to argue these issues, they are considered abandoned.  See United States v. Madkins, 14

F.3d 277, 279 n.3 (5th Cir. 1994).

AFFIRMED.